856 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LUMBERMENS MUTUAL CASUALTY COMPANY, Plaintiff-Appellant,
v.
SW INDUSTRIES, INC., Defendant-Appellee,
Aetna Casualty & Surety Company, et al., Defendants-Appellants.
 Nos. 87-3711, 87-3719, 87-3756, 87-3770 and 87-3778.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1988.
 
 Before MERRITT and KRUPANSKY, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 The question presented on appeal is whether the District Court abused its discretion in transferring "for the convenience of the parties" under Sec. 1404(a), 28 U.S.C., this declaratory judgment action by plaintiff insurance company contesting its obligation to indemnify under a contract of liability insurance for a large judgment against the defendant rendered after a lengthy trial in Ohio. Thereafter the defendant, SW Industries, filed an action in federal court in Rhode Island for indemnification. Judge Pettine in Rhode Island, in a comprehensive and well reasoned opinion addressing the contacts of the parties with the two forums, stayed the action, pending the Ohio Court's transfer decision. He concluded that there were strong reasons why the action should be litigated in the Ohio forum, reasoning that the Rhode Island forum had virtually no contacts with the litigation and that the action had been filed first in Ohio. He spelled out carefully the many contacts Ohio has with the litigation. The court below was on notice of Judge Pettine's decision and his reasoning.
 
 
 2
 The District Court below simply transferred the case to Rhode Island without in any way mentioning or alluding to the decision of Judge Pettine and without contesting his reasoning concerning the multiple contacts of the parties with Ohio and without contesting his reasoning concerning the convenience of the parties and witnesses or the location of documents in Ohio pertaining to the litigation. We conclude that Judge Pettine's reasoning concerning the Ohio contacts of the parties is correct and that the District Court below did not give proper deference to Judge Pettine's prior decision or to the "first filed" principle which he so carefully elaborated. Moreover, the interest of comity among federal courts when considering transfer issues under Sec. 1404(a) leads us to the same conclusion. Transferring a case to another district in order to avoid handling the litigation is a breach of the comity owed by one District Court to another and is not an appropriate reason for transfer under Sec. 1404(a). Finally, the Court also ruled that Ohio law will not control the merits of this case. We view this conclusion as doubtful, and at any rate the issue of what law governs is not a dispositive factor in this context.
 
 
 3
 Thus, for the reasons explained by District Judge Pettine in his careful opinion and in the interest of comity, we conclude that the District Court below abused its discretion in transferring the action to Rhode Island for trial in disregard of a prior decision of a sister District Court. Accordingly, the judgment of the District Court is reversed and the case remanded to the District Court for trial.